1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ALASKA NATIONAL INSURANCE COMPANY,<br><br>                               Plaintiff,<br><br>        v.<br><br>ERICSSON INC., d/b/a/ ERICSSON GE MOBILE COMMUNICATIONS, a Delaware corporation; KATHERINE E. RONGEY, as Personal Representative of the ESTATE of MICHAEL G. RONGEY, deceased; and KATHERINE E. RONGEY and PATRICK RONGEY, wife and husband,<br><br>                               Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Alaska National Insurance Company, by and through its attorneys of record, Keller Rohrback L.L.P., for its complaint for declaratory judgment against defendants Ericsson Inc., d/b/a Ericsson GE Mobile Communications, Katherine E. Rongey as Personal Representative of the Estate of Michael G. Rongey, deceased, and Katherine E. Rongey and Patrick Rongey, wife and husband, alleges as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I.   PARTIES

1.   Plaintiff Alaska National Insurance Company ("ANIC") is an Alaska corporation, domiciled in Alaska.

2.   Defendant Ericsson Inc., d/b/a Ericsson GE Mobile Communications ("Ericsson"), is a Delaware corporation, domiciled in Delaware.

3.   Defendants Katherine E. Rongey as Personal Representative of the Estate of Michael G. Rongey, deceased, and Katherine E. Rongey and Patrick Rongey, wife and husband ("Rongey"), upon information and belief are domiciled in and residents of King County, Washington.

## II.   JURISDICTION AND VENUE

4.   This is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because one or more of the defendants reside in this judicial district and 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district in that the wrongful death lawsuit that this declaratory judgment action relates to is currently pending in Pierce County Superior Court.

## III.   FACTS

6.   ANIC issued a commercial general liability insurance policy, No 11L PS 31980, to WS Consulting & Construction, Inc., for the policy period 12/2011 to 12/20/12, which was extended by endorsement to May 1, 2013 (the "ANIC Policy").  The only Named Insured on the ANIC Policy was WS Consulting & Construction, Inc.  A true and correct copy of the ANIC Policy

COMPLAINT FOR DECLARATORY JUDGMENT - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

is attached hereto as Exhibit A.  ANIC also issued an umbrella policy, No. 11L LU 31980, to WS Consulting & Construction, Inc., for the policy period 12/2011 to 12/20/12, which was extended by endorsement to May 1, 2013 (the "ANIC Umbrella Policy").  The only Named Insured on the ANIC Umbrella Policy was WS Consulting & Construction, Inc.  A true and correct copy of the ANIC Umbrella Policy is attached hereto as Exhibit B.

7.     Defendants Rongey are the plaintiffs in a lawsuit currently pending in Pierce County Superior Court, *Katherine E. Rongey, as Personal Representative of the Estate of Michael G. Rongey, Deceased; Katherine E. Rongey and Patrick Rongey, husband and wife, v. Ericsson, Inc. d/b/a Ericsson GE Mobile Communications, et. al.,* Pierce County Cause No. 13-2-12015-7 (the "*Rongey* lawsuit*")*.  The *Rongey* lawsuit alleges a claim for the alleged wrongful death of Michael G. Rongey as a result of a fall from a cell tower located at 1901 LaVenture Road, in Mt. Vernon, Skagit County, Washington against multiple parties, including defendant Ericsson.  The Second Amended Complaint for Wrongful Death alleges that on January 4, 2013, at the request of defendants Clear Wireless, LLC, Michael G. Rongey climbed the cell tower to replace a Clear Wireless, LLC radio antenna that had failed, wearing full safety and fall protection gear and secured his safety line to a chain mount anchor point on the tower.  The Second Amended Complaint further alleges that unbeknownst to Mr. Rongey, the chain mounting bracket had been improperly installed by one or more of the defendants and/or their agents, employees and/or contractors, and this improper installation caused the chain to dislodge from the mount bracket and pull away from the tower once Mr. Rongey put his weight against it, causing him to fall to his death.  As to defendant Ericsson, the Second Amended Complaint alleges that it owned and operated the radio antenna, chain mounting brackets and chains affixing the radio antenna to the cell tower and was responsible for installing and/or maintaining the chain mounting brackets and

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

chains that secured the antenna to the cell tower. It further alleges the defendant Ericsson negligently and carelessly installed or caused to be installed, the upside down chain mounting bracket that cause Mr. Rongey to fall to his death, and failed to inspect and correct the chain mounting bracket on the cell tower. It also alleges that Mr. Rongey's death is the fault of the defendants named in the *Rongey* lawsuit in failing to properly install, inspect, maintain and correct the negligently installed chain mounting bracket. A true and correct copy of the Second Amended Complaint for Wrongful Death in the *Rongey* lawsuit is attached hereto as Exhibit C.

8.     Defendant Ericsson tendered defense of the *Rongey* lawsuit to ANIC on the basis that it qualified as an additional insured under the ANIC Policy issued to WS Consulting & Construction, Inc. ("WS Consulting") with respect to the *Rongey* lawsuit. WS Consulting entered into a "Replication Agreement" with defendant Ericsson on or about March 23, 2012, under which the parties agree to "replicate" an original "Maintenance and Repair Agreement" between WS Consulting and Clear Wireless, LLC dated December 12, 2011, and agreed that Ericsson and WS Consulting would be bound by the terms of the original Maintenance and Repair Agreement, such that all references to Clear Wireless, LLC in the original Maintenance and Repair Agreement are replaced with Ericsson. Defendant Ericsson asserted that at the time of the accident Michael Rongey was an employee of WS Consulting and under the terms of the original Maintenance and Repair Agreement, Ericsson qualified as an additional insured under the ANIC Policy. Paragraph VII.(c) of the original Maintenance and Repair Agreement provided:

> CLEARWIRE and its affiliates shall be named as additional insured on all policies issued by Contractor pursuant to this Agreement. Contractor shall provide CLEARWIRE with certificate(s) of insurance, satisfactory in form and content to CLEARWIRE, evidencing that such insurance has been obtained . . . .

A true and correct copy of the Replication Agreement, with the original Maintenance and Repair Agreement attached, is attached hereto as Exhibit D. ANIC has been providing a defense for

COMPLAINT FOR DECLARATORY JUDGMENT - 4

defendant Ericsson with respect to the *Rongey* lawsuit under a full reservation of all of its rights and defenses, under the ANIC Policy, the ANIC Umbrella Policy and the law, on the basis that Ericsson only qualifies as an additional insured under the ANIC Policy for claims for "bodily injury" caused by negligent acts or omissions of WS Consulting and only to the extent that the "bodily injury" was caused by negligent acts or omissions of WS Consulting; Ericsson does not qualify as an additional insured with respect to bodily injury caused in whole or in part by the independent negligent acts or omissions of Ericsson.

## IV.    CLAIM FOR DECLARATORY RELIEF

9.    The ANIC Policy, as it was in effect on January 4, 2013, included a COMMERCIAL GENERAL LIABILITY COVERAGE FORM (CG 00 01 12 07), subject to liability limits of $1,000,000 per occurrence and $2,000,000 in the aggregate, as well as all of the terms, conditions, exclusions and limitations of the ANIC Policy.  It provided in relevant part:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations [WS Consulting & Construction, Inc.], and any other person or organization qualifying as a Named Insured under this policy. . . .
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured. . . .
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>
> > **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  . . .

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**b.** This insurance applies to "bodily injury" . . . only if:

 **(1)** The "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory";

 **(2)** The "bodily injury" . . . occurs during the policy period; . . .

The ANIC Policy also included Endorsement No. 11, ADDITIONAL INSURED (CONTRACTORS) – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU, which provided in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. Who Is An Insured (Section II) is amended to include as an insured any person or organization (herein referred to as an additional insured), but only if you are required to add that person or organization as an insured to this policy by a written contract that is in effect prior to the "bodily injury", "property damage", or "personal and advertising injury".

2. The insurance provided to the additional insured is limited as follows:

a. That person or organization is only an additional insured if, and only to the extent that, the injury or damage is caused by negligent acts or omissions of you or your subcontractor in the performance of "your work" to which the written contract applies. The person or organization does not qualify as an additional insured with respect to injury or damage caused in whole or in part by independent negligent acts or omissions of such person or organization.

Per the terms of this Additional Insured endorsement, Ericsson qualifies as an additional insured only to the extent that Mr. Rongey's death was "caused by negligent acts or omissions of "you" [WS Consulting & Construction, Inc.] or "your subcontractor" [WS Consulting's subcontractor] in the performance of "your work" [WS Consulting's work] to which the [original Maintenance and Repair Agreement] applies."  The Second Amended Complaint expressly alleges that Mr. Rongey died as a result of the negligence of defendant Ericsson (as well as other defendants), but does not allege any negligence of WS Consulting & Construction, Inc.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

10.     The ANIC Umbrella Policy, as it was in effect on January 4, 2013, included a COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM (CU 00 01 12 07) which provided in relevant part that ANIC would "pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury". . . to which this insurance applies."  With regard to additional insureds, the ANIC Umbrella Policy provides in relevant part:

3.     Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance required by the contract, less any amounts payable by any "underlying insurance".

Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

Thus, defendant Ericsson is only an additional insured under the ANIC Umbrella Policy to the extent that it is an additional insured under the ANIC Policy.

11.     ANIC reserves the right to rely on the above and on any and all other applicable policy provisions in the ANIC Policy and the ANIC Umbrella Policy as the basis for a declaratory judgment determining whether there is, and the scope and extent of, any additional insured coverage available to defendant Ericsson with respect to the claims asserted in the *Rongey* lawsuit.

12.     An actual case or controversy exists between ANIC and defendant Ericsson as to whether and what additional insured coverage is available to defendant Ericsson under the ANIC Policy and the ANIC Umbrella Policy with respect to the *Rongey* lawsuit.  This court has authority under 28 U.S.C. § 2201 to enter a declaratory judgment in this action.  ANIC hereby seeks a declaration that defendant Ericsson only qualifies as an additional insured under the ANIC Policy and the ANIC Umbrella Policy for the claims asserted against it in the *Rongey* lawsuit, if and only to the extent that it is established that Michael Rongey's death was caused by the negligent acts or

COMPLAINT FOR DECLARATORY JUDGMENT - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\data\clients\30420\1\DJAComplaint.docx

omissions of WS Consulting & Construction, Inc. in the performance of WS Consulting & Construction, Inc.'s work to which the original Maintenance and Repair Agreement applies. ANIC further seeks a declaration that any contributory negligence by Michael Rongey is not imputed to WS Consulting & Construction, Inc. for purposes of determining whether Michael Rongey's death was caused by the negligent acts or omissions of WS Consulting & Construction, Inc.

## V.    PRAYER FOR RELIEF

Having stated a claim for declaratory relief against the above named defendants, ANIC requests the Court enter a judgment against defendants as follows:

A.    That the Court enter a judgment declaring that defendant Ericsson is an additional insured under Alaska National Insurance Company Policy No's 11L PS 31980 and 11L LU 31980, with respect to any claims asserted against it in the *Rongey* lawsuit, if, and only to the extent that, it is established that Michael Rongey's death was caused by the negligent acts or omissions of WS Consulting & Construction, Inc. in the performance of WS Consulting & Construction, Inc.'s work to which the original Maintenance and Repair Agreement applies, and further declaring that any contributory negligence by Michael Rongey is not imputed to WS Consulting & Construction, Inc. for purposes of determining whether Michael Rongey's death was caused by the negligent acts or omissions of WS Consulting & Construction, Inc., and therefore, any additional insured coverage for defendant Ericsson with respect to the *Rongey* lawsuit under Alaska National Insurance Company Policy No's 11L PS 31980 and 11L LU 31980, including any duty to defend, indemnify or provide any benefits or coverage of any kind with respect to the *Rongey* lawsuit is limited accordingly.

B.    That ANIC be awarded its costs and attorney fees incurred herein as allowed by law; and

COMPLAINT FOR DECLARATORY JUDGMENT - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\data\clients\30420\1\DJAComplaint.docx

C.     For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 22nd day of April, 2015.

KELLER ROHRBACK L.L.P.

By /s/Irene M. Hecht
Irene M. Hecht, WSBA #11063
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206.623.1933
Email:  ihecht@kellerrohrback.com

Attorneys for Plaintiff Alaska National
Insurance Company

COMPLAINT FOR DECLARATORY JUDGMENT - 9

\\krfile\data\clients\30420\1\DJAComplaint.docx